**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| _____ | :JURY TRIAL DEMANDED |
| | : |
| Linette Johnson, | : |
| Renee Campbell, | :        CASE NO. |
| Jason Kurth, | : |
| Napika King, | : |
| Ravin Harding, | : |
| Kereen Forbes, | : |
| Troy Harris, | :        **JURY TRIAL** |
| Ramone Jones, | :        **DEMANDED** |
| Sebastian Matthew, | : |
| Michael McKelvey, | : |
| Johnnesheia Moody, | : |
| Michael Poulson, | : |
| Kelly Sellers, | : |
| Patrick Sullivan, | : |
| Vinette Thomas, | : |
| Arron Turner, | : |
| Stacey Whitfield | : |
| | : |
| *Plaintiffs* | : |
| | : |
| v. | : |
| | : |
| City of Philadelphia | : |
| | : |
| *Defendant* | : |
| _____ | : |

# <u>COMPLAINT</u>

Plaintiffs, by and through their counsel, Howard K. Trubman, Esq., file this complaint against the City of Philadelphia and aver as follows:

**INTRODUCTION**

1.      Plaintiffs brings this action on behalf of themselves and other individuals similarly situated, against the City of Philadelphia (hereinafter "Defendant" or "City") because of the Defendant's unlawful deprivation of the employees' right to overtime compensation.  In the event that this Court does not approve a collective action then the Plaintiffs will proceed individually and with other similarly situated individuals in a joinder action.

2.      This is a collective action brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq.* (FLSA) on behalf of all  who have been employed by the City as correctional officers, and who since the conversion to the One-Philly system for payroll for commencing on or about March 25, 2019, have not been paid overtime, roll pay (a form  of overtime), and have not been properly credited compensatory time to their compensation bank.

**JURISDICTION AND VENUE**

3.      This Court has original jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C § 261(b) and 28 U.S.C. §1331.

4.      Venue for this action properly lies in the Eastern District of Pennsylvania because the claim arose in this judicial district.

**PARTIES**

5.      Plaintiffs are adult individual resident of Philadelphia, Pennsylvania.  They are currently employed by the City as correctional officers at one of the correctional facilities within the City of Philadelphia. The addresses of the Plaintiffs are set forth in the consent forms attached hereto as Appendix A.

6.      Plaintiffs bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (hereinafter "FLSA") against the Defendant on behalf of

themselves and all others similarly situated because of the City's unlawful deprivation of Plaintiffs' rights to overtime compensation, including roll call pay and compensatory time.

7.      Plaintiffs have given their written consent to be a party/plaintiff in this action pursuant to 29 U.S.C. § 216(b). The written consent is attached in the Appendix.  Plaintiffs bring this action as individuals and on behalf of those similarly situated.   In the event that a collective action is not approved the plaintiffs/parties will continue their claims as individuals or proceed with a joinder action.

8.      Defendant is a city of the first class organized under the law of the Commonwealth of Pennsylvania, and is engaged in interstate commerce.

9.      All relevant times, Defendant is, and has been, an "employer" subject to the law governing the payment of overtime as set forth in the FLSA and accompanying regulations.

## FACTUAL ALLEGATIONS

10.      Plaintiffs and similarly situated individuals perform non-exempt work during one of three regular shifts during the week and weekends. The position requires coverage by correctional officers 24 hours per day, 7 days per week. They are paid overtime at the FLSA mandated rate of 1.5 times their hourly rate for work beyond their regularly scheduled work week. 29 U.S.C. § 207.

11.      Prior to the time that their paychecks were processed under the "One-Philly system," which Defendant implemented for time keeping purposes for the correctional officers on March 25, 2019,. Plaintiffs and the similarly situated individuals were promptly paid the FLSA mandated   overtime, with occasional issues of missing overtime in a check which were paid in the next check.

12.     Plaintiffs and those similarly situated individuals, as public sector employees, could also opt to receive compensatory time as opposed to wages for overtime that they worked. 29 U.S.C. § 207 (o) This time was tracked on their paychecks until the implementation of the new payroll system.

13.     Defendant discontinued the manual timesheet method by which Plaintiffs and all other correctional guards submitted overtime and regular time when it implemented the "One-Philly system." Prior to the institution of the One-Philly system, time had been submitted on paper forms; after March 25, 2009, all time was required to be submitted on the new computerized One-Philly program. The last time that Plaintiffs and all correctional guards received overtime pay was in their paycheck in with the last pay period in March 2019. Plaintiffs have not received overtime since their paychecks dated on or about April 12, 2019.

14.     At the time that the correctional officers were switched to the computerized time keeping system starting on or about March 25, 20l9, after the Defendant had been experiencing discrepancies in paychecks, including problems with overtime pay for employees in other departments that had already been switched over to the One-Philly system.

15.     These problems included overtime not being paid at all or at the wrong pay rate, including missing shift differentials in the overtime calculation or being paid at the wrong rate. The City was aware of the problems with the One Philly system; however, the City knowingly elected to have the Plaintiffs and similarly situated individuals switch to the new computerized system in spite of these payroll issues.

16.     Since the plaintiffs started to submit their time on the One-Philly system, there have been a number of issues with their pay. This includes issues with respect to their overtime pay, their compensatory time, their compensatory time and their vacation sick time, their vacation time and other pay-related issues.

17.     Since, switching to One-Philly, the Plaintiffs and similarly situated individuals have not been paid any overtime, roll call time pay and their compensatory time has not been properly credited

18.     Defendant has knowingly allowed and permitted the Plaintiffs and those similarly situated individuals to work more than forty (40) hours per week without overtime pay since on or about March 25, 2019 in violation and failed to pay them while paying other departments

19.      Upon information and belief, there are approximately 80 to 100 correctional officers many of whom work overtime.

20.     Many of the Plaintiffs and those similarly situated work in excess of 25 hours of overtime a week. Upon information and belief, the Plaintiffs aver that many of the correctional officer work an average of 25 hours overtime hours a week; therefore, for each paycheck, based on a two-week period, she earns 50 hours of overtime pay. This means that the Plaintiffs and similarly situated individuals have not been compensated for more than 450 hours of overtime since the transition to the One-Philly system.

21. This failure to pay overtime violates the FLSA Act because the Defendant has not promptly paid the Plaintiffs and other similarly situated overtime. The Defendant has not indicated when the Plaintiffs and other similarly situated individuals will be paid and promises do not meet the requirement of prompt payment. 29 C.F.R. § 778.106.

22.     Plaintiffs and other similarly situated employees also may receive compensatory time, in lieu of cash payments, for overtime hours worked; however, since the institution of the One-Philly system, Defendant has not recorded compensatory time, in violation of   the Fair Labor Standards Act. 29 U.S.C.  §207(o).

`      23.     Plaintiffs and others similarly situated have also encountered issues with their vacation pay not appearing in their pay checks, as well as other pay discrepancies, such as the

5

failure to pay roll call time, which is form of overtime pay.

24.     Plaintiffs' supervisors and payroll personnel are aware that they and other individuals have worked overtime for which they have not been compensated.

25.     Defendant is aware that it was not compensating Plaintiffs and similarly situated individuals properly for overtime because the complaints are widely publicized and have been the subject of newspaper articles in Philadelphia.

26.     Some of the employees in other departments have been given manual paychecks for overtime as a workaround to the One-Philly system problems. Upon information and belief, the firefighters and police officer, who are paid under the same One-Philly system and our experiencing the same discrepancy issues, have been issued manual checks.

27.     No manual checks have been issued to the Plaintiffs or similarly situated correctional officers, and there is no indication as to when they will be paid overtime or properly credited for compensatory time roll call time or other discrepancies such as the failure to record vacation time will be corrected.

28.     The failure to pay overtime to the Plaintiffs and similarly situated correctional officers has now entered its fourth month; however, no effort has been made by the Defendant to provide manual checks to the Plaintiffs or officers, and Defendant has not indicated when, if at all, it will remedy the situation.

29.     Although they had a legal obligation to do so, Defendant, upon information and belief, did not make, keep, or preserve adequate or accurate records of the overtime and compensatory hours accrued by Plaintiff and the similarly situated individuals. The Defendant have told the employees to retain records.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs, individually and on behalf of all similarly situated individuals, restate and incorporate by reference the above paragraphs as if fully set forth herein.

31. Plaintiffs file this action individually and on behalf of similarly situated individuals. Pursuant to 29 U.S.C. § 216(b), Plaintiffs' signed consent forms are attached as Appendix A. Plaintiffs are able to obtain at least 30 additional consents and as the case progresses; it is likely that other individuals will also join this case as opt-in plaintiffs.

32. The employees similarly situated for the FLSA collective action are:

**FLSA Collective Class**: All persons who are, have been, or will be employed by Defendant as correctional guards who have not been compensated for overtime., roll call time or compensatory time since the adoption of the computerized payroll system known as the One-Philly system which started recording time for the corrections officers on or about March 25, 2019. Plaintiffs and the FLSA Collective Class have worked or work in excess of forty (40) hours during workweeks since institution of the computerized system.

33. Defendant knowingly failed to pay Plaintiffs and the similarly situated individuals who are FLSA Collective Class members for their overtime hours worked since the computerized system has been adopted.

34. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201, *et seq*. as described in this Complaint in ways including, but not limited to, failing to pay the plaintiffs and similarly situated collective class members overtime compensation, roll call compensation, and compensatory time in a prompt manner, by willfully going forward with requiring submission of tine on the One-Philly system given the known pay discrepancies, by failing to issue manual checks for overtime while the One-Philly system is not operating properly, and by failing to properly record compensatory time for individuals who elect to take this option as opposed to a cash payment.

35.     Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a.)

36.     Defendant is liable under the FLSA for failing to properly compensate Plaintiffs individually as well as being part of the group of similarly situated individuals

37.     Those similarly situated correctional employees are known to Defendant and are readily identifiable through Defendant's records.    Accordingly, Notice should be sent to the FLSA Collective Class Members.

**CAUSES OF ACTION COUNT I**
**VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY OVERTIME (on behalf of Plaintiffs and**
**Similarly Situated Individuals)**

38.     Plaintiffs and the FLSA Collective Class restate and incorporate by reference the above paragraphs as if fully set forth herein.

39.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

40.     As public sector employees, the correctional officers may under the FLSA elect to be paid in compensatory time in lieu of cash payments.

41.     Defendant knowingly allowed and permitted Plaintiffs and the FLSA Collective Class members to work more than forty (40) hours per week without paying them overtime compensation.

42.      Defendant has knowingly failed to promptly make payment or issue manual checks which have been done for other departments

43.     Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Collective Class members the required overtime pay and compensatory pay.

44      As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the similarly situated individuals who are FLSA Collective Class members have suffered and will continue to suffer a loss of income and other damages.  Plaintiff and the FLSA Collective Class are entitled to liquidated damages, attorneys' fees, and costs incurred in connection with this claim.

45.   By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Collective Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees to provide sufficient information to determine their wages and  hours, and is in violation of the FLSA, 29 U.S.C. § 201, *et seq*.

46.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Defendant knew, or showed reckless disregard for the fact, that its compensation practices of not paying the Plaintiff and similarly situated individuals who are members of the FLSA Collective Class overtime and compensatory time is in violation of the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all others similarly situated, prays for relief as follows:

A.      Designation of this action as a collective action on behalf of the FLSA Collective Class members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly

situated individuals apprising them of the pendency of this action, and permitting them to assert

FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

     B.    Judgment against Defendant and in favor of Plaintiffs and the FLSA Collective

Class members for unpaid back wages at the applicable overtime rates;

     C.    An additional and equal amount as liquidated/statutory damages under federal

law;

     D.    Appropriate civil penalties;

     E.    A finding that Defendant's violations of the FLSA were willful and in bad faith;

     F.    All reasonable costs and attorneys' fees pursuant to 29 U.S.C. § 216;

     G.    An award of prejudgment interest, to the extent liquidated damages are not

awarded, and post-judgment interest as provided by law;

     H.    Leave to add additional plaintiffs by motion, the filing of written consent forms,

or any other method approved by the Court; and

     I.    All further relief as the Court deems just and equitable.

DATED: 9/10/19                Respectfully submitted,

                /s/ Howard K. Trubman, Esq.
                HOWARD K. TRUBMAN, ESQ.
                THE EMPLOYMENT LAW FIRM  OF
                PENNSYLVANIA
                1500 Market Street
                EAST TOWER, 12TH FLOOR
                PHILADELPHIA, PA.   19102
                PHONE  215 206-5306
                HTRUBMAN@GMAIL.COM
                ATTORNEY FOR THE PLANTIFF
                AND SIMILARLY SITUATED INDIVIDUALS